IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-28-BO

| | |
|---|---|
| JOSEPH A. GREENE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN COLVIN, ) <br> Acting Commissioner of Social Security, ) <br> ) <br> Defendant. ) <br> _____) | **ORDER** |

This matter is before the Court on the parties' cross-motions for judgment on the pleadings. [DE 18 & 26]. A hearing on this matter was held in Raleigh, North Carolina on January 30, 2014 at 4:15 p.m. For the reasons discussed below, plaintiff's motion is GRANTED, defendant's motion is DENIED, and, accordingly, the judgment of the Commissioner is REVERSED.

## BACKGROUND

On June 27, 2005, plaintiff protectively filed an application for a period of disability and disability insurance benefits, alleging a disability onset date of November 6, 2002 [Tr. 41–42, 46]. His application was denied initially and upon reconsideration. During a video hearing on June 27, 2007, plaintiff testified, represented by an attorney, and a vocational expert testified. [Tr. 818–62]. On August 31, 2007, an Administrative Law Judge ("ALJ") found plaintiff not disabled. [Tr. 43–56]. On December 9, 2008, the Appeals Council remanded the case to an ALJ [Tr. 99–102]. A second hearing was held on March 22, 2009. [Tr. 798–817]. On May 12, 2009, a new ALJ found plaintiff not disabled. [Tr. 515–31]. On October 22, 2010, the Appeals Council

remanded the case to an ALJ again. [Tr. 532–35]. The Appeals Counil also directed that on remand, plaintiff's subsequent claims for Title II and Title XVI benefits on June 12, 2009, be associated with plaintiff's initial claim for Title II. [Tr. 534]. A third hearing was held on July 22, 2011. [Tr. 751–97]. On October 3, 2011, a third ALJ found plaintiff not disable. [Tr. 19–39]. On November 13, 2012, the Appeals Council denied plaintiff's request for review rendering the ALJ's decision the final decision of the Commissioner. On January 10, 2013, plaintiff filed this action seeking judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

## MEDICAL HISTORY

The instant claim originated with injuries sustained in an on-the-job accident. [Tr. 106–27]. Medical treatment was thereafter directed by the employer pursuant to N.C Gen. Stat. § 97-25. An MRI done on April 29, 2003, noted degenerative changes as well as spinal stenosis. [Tr. 277]. A second MRI was done on June 18, 2004 which also noted multilevel degenerative disc disease and facet arthropathy as well as central and neural foraminal canal stenosis. [Tr. 324–25]. Exercising his right to a second opinion examination with a physician of his choice pursuant to N.C. Gen. Stat. § 97-25, Mr. Greene saw a Dr. Derian. [Tr. 326–30]. Dr. Derian classified Mr. Greene's condition as lumbar degenerative disc disease at L3-S1 with herniated nucleus pulposus at L5-S1, and lumbar radiculopathy. [Tr. 326]. Dr. Derian believed surgery was necessary. [*Id.*]. The employer then sent Mr. Greene back to their own physician, Dr. Rice, who found that surgery was a reasonable option based on the last MRI scan. [Tr. 331].

After two recommendations for surgery, the employer then sent Mr. Greene to Dr. Lestini for an independent medical examination. [Tr. 354–56]. Dr. Lestini opined that he did not think surgery was the correct solution at the time, and instead suggested aggressive weight loss and

paraspinal strengthening measures. [Tr. 355]. Surgery was then denied. The worker's compensation matter was resolved on May 17, 2005, subsequent to litigation. [Tr. 108].

The ALJ found that Mr. Greene has the following severe impairments: degenerative disc disease/herniated disc, obesity, acute stress disorder, and depression. [Tr. 25]. The ALJ found that claimant did not meet the Listing. [Tr. 26].

## DISCUSSION

When a social security claimant appeals a final decision of the Commissioner, the district court's review is limited to the determination of whether, based on the entire administrative record, there is substantial evidence to support the Commissioner's findings. 42 U.S.C. § 405(g); *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir. 1984)(quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). If the Commissioner's decision is supported by such evidence, it must be affirmed. *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996).

In making a disability determination, the ALJ engages in a five-step evaluation process. 20 C.F.R. § 404.1520; *see Johnson v. Barnhart*, 434 F.3d 650 (4th Cir. 2005). The analysis requires the ALJ to consider the following enumerated factors sequentially. At step one, if the claimant is currently engaged in substantial gainful activity, the claim is denied. At step two, the claim is denied if the claimant does not have a severe impairment or combination of impairments significantly limiting him or her from performing basic work activities. At step three, the claimant's impairment is compared to those in the Listing of Impairments. *See* 20 C.F.R. Part 404, Subpart P, App. 1. If the impairment is listed in the Listing of Impairments or if it is equivalent to a listed impairment, disability is conclusively presumed. However, if the claimant's

impairment does not meet or equal a listed impairment then, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine whether plaintiff can perform his past work despite his impairments. If the claimant cannot perform past relevant work, the analysis moves on to step five: establishing whether the claimant, based on his age, work experience, and RFC can perform other substantial gainful work. The burden of proof is on the claimant for the first four steps of this inquiry, but shifts to the Commissioner at the fifth step. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995).

Here, the ALJ erred at step three by finding that plaintiff did not meet the requirements for disorders of the spine under Section 1.04 of the Social Security Administration's Listing of Impairments. Listing 1.04 of the Commissioner's Listing of Impairments provides is met when the claimant suffers from a spinal disorder such as a herniated nucleus pulposus, spinal stenosis, osteoarthritis, degenerative disc disease or facet arthritis resulting in compromise of the nerve root or the spinal cord with evidence of nerve root compression characterized by neuro-anatomical distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test. 20 C.F.R. Part 404, Subpt. P. App. 1 § 1.04.

The record is filled with evidence from board certified orthopaedic surgeons and the CT and MRI scans they ordered that show plaintiff suffers from herniated nucleus pulposus, spinal stenosis, degenerative disc disease, and facet arthopathy that result in neuro-anatomical distribution of pain such as lumbar radiculopathy. [Tr. 277, 324–26, 331, 354, 421, 425]. Sensory loss was noted on examination when deep tendon reflexes were found to be generally diminished throughout the lower extremities and there was also diminished sensation in the left lower extremity in a stocking distribution. [Tr. 424]. Lumbar radiculopathy was noted as well. [Tr.

4

326]. Compromise of nerve roots is noted by two different doctors. [Tr. 355, 425]. Straight leg raises were noted to be positive on the left by three physicians. [Tr. 329, 342–43, 348–49, 424]. Surgery was recommended by three board certified orthopaedists. [Tr. 326, 331, 425].

The ALJ's finding that plaintiff does not meet the Listing is not supported by substantial evidence. The ALJ found that the record did not demonstrate that the claimant suffers from a disorder of the spine resulting in a compromise of the nerve root or the spinal cord with evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test. [Tr. 26]. This is clearly contrary to the record as recited above. Substantial evidence in the longitudinal record supports a finding that Listing 1.04A is met in this case. Disability is conclusively presumed when there is a finding of a severe impairment that meets or is equal to a Listed impairment at 20 C.F.R. § 404, Subpt P, App. 1.

Accordingly, Mr. Greene is disabled under Listing 1.04A. This Court reverses the decision of the Commissioner and awards benefits to petitioner. Reversal without remand is appropriate where, as here, the record does not contain substantial evidence to support a decision denying disability, and reopening the record for more evidence would serve no purpose. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987). Mr. Greene's case has been pending for nearly nine years. There have already been three (3) hearings at the administrative level in this case. Mr. Greene was no longer insured for benefits after December 31, 2008, so no additional evidence could be taken in this case which renders additional proceedings pointless.

## CONCLUSION

For the foregoing reasons, the plaintiff's motion for judgment on the pleadings is GRANTED, and the decision of the Commissioner is REVERSED. The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one which "lies within the sound discretion of the district court." *Edwards v, Bowen*, 672 F.Supp. 230, 236 (E.D.N.C. 1987). Accordingly, this case is REMANDED for an award of benefits consistent with this Order.

SO ORDERED.

This /\_/ day of February, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE