IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CV-28-BO

| | |
|---|---|
| JOSEPH A. GREENE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    **ORDER** |
| | ) |
| CAROLYN COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

Plaintiff's counsel has moved for attorney's fees and costs pursuant to 42 U.S.C. § 406(b) [DE 39]. For the reasons stated herein, counsel's motion is GRANTED

## DISCUSSION

Plaintiff's counsel seeks fees pursuant to 42 U.S.C. § 406(b). Section 406(b)(1) allows the Court to award a "reasonable fee" of up to twenty-five percent of the past-due benefits paid to the plaintiff. The government does not take a position on the matter, but has briefed the Court as an aid to its decision-making.

Plaintiff and counsel entered into a fee agreement which stated in relevant part:

> I agree that my attorney shall charge and receive as the fee an amount equal to twenty-five percent (25%) of the past-due benefits that are awarded to my *family and* me in the event my case is won . . . . My attorney has explained to me that it is the law that the attorney fee must be approved by the Federal Court for representation in federal court and by the Social Security Administration for representation before the Social Security Administration.

In further support of his application for fees, counsel has submitted documentation recording 29.3 hours of work related to the representation of plaintiff before this Court.

Section 406(b)(1) of the Social Security Act allows this Court to award a reasonable fee. This fee is payable out of, rather than in addition to, the past-due benefits recovered by the plaintiff. 42 U.S.C. § 406(b). It is well recognized that in many cases a reasonable fee may be less than the maximum figure of twenty-five percent of past-due benefits. *See Redden v. Celebrezze*, 370 F.2d 373, 376 (4th Cir. 1966).

Counsel and the claimant he represents remain free to negotiate fee agreements, as long as these agreements fall within the guidelines established by 406(b). *See Gisbrecht v. Barnhart*, 535 U.S. 789, 792-93 (2002). Thus, in situations where the claimant and counsel have negotiated a fee agreement the district court serves as an independent evaluator of the reasonableness of the resultant fee. Specifically, the Court will review fee arrangements "to assure that they yield reasonable results in particular cases." *Id.* at 807. In assessing whether the contingency arrangement is reasonable a court may consider reducing a fee award where the benefits awarded are large in comparison to the amount of time expended by the attorney. *Id.* at 808.

Under the circumstances of this case, the Court finds that an award of $33,789.50 yields an unreasonable result. This case was a relatively straightforward social security claim, and the time recorded in handling this matter was substantial, but does not reflect an extraordinary investment of time in a social security matter. Were the court to award the full amount requested it would be equivalent to counsel charging $1,153.23 per hour; this reflects a fee that would constitute a windfall in counsel's favor and against Mr. Greene's interest. The Court finds that a fee of $10,000 is reasonable and includes a premium for the risk taken on by counsel in representing plaintiff on a contingent fee basis. *See Cooper v. Astrue*, 2012 WL 2872446, *3 (E.D.N.C. July 12, 2012).

2

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney's fees under 406(b)(1) is GRANTED, but the award will be reduced based on the unreasonableness of upholding the contingency fee agreement. Accordingly, plaintiff's counsel shall be awarded attorney's fees in the amount of $10,000 for the reasons stated above. Further, plaintiff's counsel is ORDERED to refund to plaintiff, the smaller EAJA fee of $3,662.50

SO ORDERED.

This __9__ day of June, 2014.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE